**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **LIGHT PROGRESS SRL** | |
| *Plaintiff,* | |
| **v.** | **CASE NO.** |
| **COGNITUV, LLC f/k/a LP-USA, LLC** | **Jury Trial Demanded** |
| *Defendant.* | |

**ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Light Progress S.r.L. ("Light Progress"), files this Original Complaint and Application for Preliminary Injunctive Relief against Defendant Cognituv, LLC f/k/a LP-USA, LLC ("Defendant" or "Cognituv" unless specifically stated), and in support thereof respectfully shows the Court as follows:

**INTRODUCTION**

1.     Plaintiff Light Progress S.r.L. brings this action to stop Cognituv, LLC from cybersquatting and infringing Light Progress's trademark.

2.     Light Progress's federally-registered trademark has gained a reputation as being the symbol of an industry leader in ultraviolet germicidal irradiation.

3.     The substantial goodwill and reputation for quality that Light Progress has worked hard to cultivate in its distinctive word mark and logo is being threatened by Cognituv's unauthorized, willful use of that mark. Unless Cognituv is enjoined from using Light Progress's mark, such use will continue to cause consumer confusion and will cause Light Progress irreparable harm.

4.      This action seeks injunctive, equitable, and other appropriate relief arising from Cognituv's willful acts of trademark infringement and cybersquatting in violation of Sections 32(1) and 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114(1) & 1125(a), as well as common law conversion.

## PARTIES

5.      Plaintiff Light Progress S.r.L. (Società a Responsabilità Limitata) is a limited liability company organized under the laws of Italy. Its office and place of business is at 40 Loc. San Lorenzo, Anghiari, Italy.

6.      Upon information and belief, Defendant Cognituv, LLC is Delaware limited liability company, having an office and place of business at 5004 Bee Creek Road, Suite 320, Spicewood, Texas, 78669, and may be served with process through its registered agent, Corporations Services Company, 211 E. 7th Street, Suite 620 Austin TX, 78701.

## JURISDICTION AND VENUE

7.      This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1141(1)), cybersquatting in violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), and conversion.

8.      This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

9.      The court has supplemental jurisdiction over Light Progress's Texas common law conversion claims under 28 U.S.C. § 1367.

10.     The court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), as Plaintiff Light Progress is a subject of Italy, and Defendant Cognituv, LLC f/k/a

LP-USA, LLC is a citizen of Texas. The amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. § 1332(b). Both the value of the trademark that Light Progress seeks to protect and return of the domain to its rightful owner, Light Progress, far exceed $75,000 exclusive of interest and costs.

11.    This Court has personal jurisdiction over Cognituv. Cognituv's acts of infringement of Light Progress's registered mark were committed (and continue to be committed) in the Western District of Texas, Austin Division, within the jurisdiction of this Court. Cognituv has advertised (and continues to advertise) the subject goods under the infringing mark in Austin, Texas, and has transacted business by selling and offering for sale the same goods to customers within this state. Defendant Cognituv has engaged (and continues to engage) in substantial activity within this state and this judicial district and has substantial contacts here, including its principal place of business, having purposefully availed itself of the privilege of conducting activities in the forum. Cognituv has caused (and continues to cause) injury to Light Progress within this state and within this judicial district.

12.    Venue is proper in this court pursuant to 28 U.S.C. § 1391 as Defendant Cognituv may be found or transacts business and a substantial part of the events giving rise to Light Progress's claims occurred (and are continuing to occur) in this district.

### FACTUAL BACKGROUND

13.    Through 35 years of study, design, development, and production of UV-C Light systems, Light Progress has become a global leader in indoor air quality. The aim has forever been the same: to solve the problem of microbial contamination in environments without the use of chemicals, improving the quality of life at home and at work.

14.    Light Progress currently manufactures 200 proprietary anti-microbial UV-C

products which are used by thousands of major companies around the world. Its products in the healthcare and pharmaceutical industries keep millions of people safe every day.

15.    Light Progress has invested significantly in its business as well as its branding, and as a result, has developed substantial goodwill and a reputation for integrity, both of which are inextricably intertwined with Light Progress's intellectual property. As a result of Light Progress's continuous use and promotion of its mark, the mark has become distinctive to designate Light Progress, to distinguish Light Progress and its products from others, and to distinguish the source or origin of Light Progress's products and services. As a result of these efforts by Light Progress, the consuming public widely recognizes and associates its mark with Light Progress.

16.    In 2020, Light Progress began to offer its products for sale in the United States.

17.    Light Progress filed an application to register its already distinctive mark—a circular design containing a wavy line that extends past the circle as a straight line underlining the word "LIGHT" in bold letters, and the word "PROGRESS" next to it in lighter shaded letters with the United States Patent and Trademark Office—with the United States Patent and Trademark Office. On March 15, 2022, Light Progress's trademark was issued on the principal register of the United States Patent and Trademark Office as registration number 6,672,921 (the "Light Progress Mark").[1]

18.    On April 10, 2020, Light Progress, as Manufacturer, entered into an International

---

[1] Registration for the Light Progress mark and logo covers: medical and industrial disinfectant apparatus with ultraviolet technology; portable decontamination apparatus (sterilizers); air-conditioning apparatus and installations; water and air purifying apparatus and machines; electric air deodorizing apparatus; air filters for domestic use; air filters for industrial installations; air conditioning filters; filters for extractor hoods; air filtering  installations; water purification  installations; ultraviolet ray lamps not for medical purposes;  germicidal lamps for purifying water; germicidal lamps for purifying air and surfaces; disinfecting ultraviolet lamps housed in a container or cover for disinfecting objects placed therein; ultraviolet sterilizers for purifying air, surfaces and water; ultraviolet sterilizers for water treatment; water sterilizers; air sterilizers; milk sterilizers; sterilizers for feeding bottles; sterilizers  for laboratory use; sterilizers for dental instruments;  sterilizers for medical instruments; apparatus and installations for sanitary purposes, namely,  ozone sanitizers for air and water.

Distribution Agreement with a company named LP-USA LLC ("LP-USA"), as Distributor (the "Agreement"). The Agreement stated a term of three years. *See* Exhibit B (Distribution Agreement).

19.     On information and belief, Tom Donkers holds a controlling interest in Defendant Cognituv and held a similar controlling interest in distributor LP-USA.

20.     Under the Agreement, Light Progress granted to LP-USA the right to sell and distribute Light Progress's trademarked ultraviolet germicidal irradiation devices (the "Products") in the United States. As part of the Agreement, Light Progress granted LP-USA a nonexclusive license to use the Light Progress trademark during the term of the Agreement in connection with the distribution, promotion and advertising of the Products. The Agreement further provided that LP-USA's right to use Light Progress's trademarks, trade names or symbols "shall cease immediately upon the expiration or termination, for any reason" of the Agreement.

21.     To facilitate distribution in the United States through Distributor LP-USA, Light Progress and LP-USA effectuated the following:

   a.    First, Light Progress registered the domain name lightprogress.com. *See* Exhibit C.   Light Progress permitted LP-USA to host Light Progress's domain on a "GoDaddy" server. Ownership of the domain name and assets remained at all times with Light Progress.

   b.    Similarly, on Light Progress's behalf and at its request, LP-USA agreed to and did obtain ETL certificates in the United States for Light Progress's Products.[2]

22.     The Agreement between Light Progress and LP-USA was terminated by Light Progress according to the terms of the Agreement in September 2022. Furthermore, the Agreement

---

[2] The ETL (Electrical Testing Laboratories) Listed Mark is a certification mark that provides evidence of a product's compliance with accepted and recognized product safety standards in North America.

would have expired by its own terms effective April 2023.  In any event, the Agreement between Light Progress and LP-USA is no longer in effect.

23.    Accordingly, neither LP-USA nor any related entity has any rights to use Light Progress's name and trademarks, to hold itself out as affiliated with or authorized to do business as or for Light Progress, or to use or otherwise control Light Progress's domain name and assets including the content of its website at the domain address lightprogress.com.

24.    By letter dated September 20, 2022, Light Progress demanded that LP-USA immediately (1) cease and desist its use of Light Progress's trademarks, trade names, and symbols, including on products, websites, or otherwise; (2) take down the website lightprogress.com (3) and return the domain name and website content to Light Progress.

25.    Light Progress also contacted LP-USA by phone to demand that LP-USA transfer Light Progress's domain name and assets, as well as the ETL certificates covering Light Progress's Products, back to Light Progress; and that it return Light Progress's Products. *See* Exhibit A (Declaration of Giulia Santi).

26.    LP-USA stated that it would not comply with any of Light Progress's requests, and instead, would continue to use Light Progress's Mark and operate Light Progress's website under Light Progress's domain name. *See* Exhibit F. (LP-USA's Sept. 20 response letter).

27.    In a letter dated September 22, 2022, Light Progress again admonished LP-USA to (1) immediately discontinue its willful violation and misappropriation of Light Progress's intellectual and other property rights, and (2) transfer Light Progress's domain name, in which LP-USA possessed no ownership rights, back to Light Progress. *See* Exhibit G.  (CCRT Sept. 22 letter).

28.    LP-USA fully refused every one of Light Progress's requests.

29.     Upon information and belief, LP-USA filed name amendment paperwork with the State of Delaware Division of Corporations on or around November 2, 2022 and is now known as Cognituv LLC.

30.     Upon information and belief, by way of the ETL certificates, Cognituv improperly represents that it manufactures Light Progress brand products.

**CAUSES OF ACTION**

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

31.     Light Progress realleges and incorporates by reference the allegations above as though fully set forth.

32.     As its first ground for relief, Light Progress alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33.     Light Progress is the owner of federal trademark registration 6,672,921, which issued on March 15, 2022, on the principal register of the United States Patent and Trademark Office. A true copy of this registration is attached as Exhibit D.

34.     The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The trademark is valid and subsisting and its registration has never been cancelled.

35.     Light Progress has sold its Products in United States commerce under the Light Progress Mark since 2020. It has used the Light Progress Mark continuously in United States commerce since that time.

36.     Light Progress's Products are sold under the Light Progress Mark throughout the United States through its website www.lightprogress.com. For the last fifteen years, Light Progress

has been a member of the International Ultraviolet Association (IUVA), having won a prestigious award and submitted multiple presentations to that Association.

37.    Light Progress has invested substantial time, effort and financial resources promoting its Mark in connection with the marketing and sale of its goods in interstate commerce. The Light Progress Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Light Progress, its quality products and its goodwill. The consuming public recognizes the Light Progress Mark and associates it with Light Progress.

38.    Light Progress's Mark is inherently distinctive as applied to its Products that bear the Mark.

39.    Notwithstanding Light Progress's established rights in the trademarked Light Progress Mark and logo, Cognituv adopted and used the identical trademark in interstate commerce in connection with the sale and offering for sale of Products that it was no longer authorized to sell after Light Progress exercised its contractual right to terminate the Distribution Agreement.

40.    Light Progress's registered trademark is depicted below (see Exhibit D for a true copy of the registration):



41.    Cognituv uses the identical trademark on its website and product images on websites that it currently controls, operates, or owns, as shown below by way of example:

a.



b.



c.



d.



e.



42.     Without Light Progress's consent, Cognituv has used and continues to use Light Progress's Mark and logo in connection with the sale, offering for sale, distribution or advertising of goods.

43.     Cognituv has advertised and offered its goods for sale using the identical Mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Light Progress's reputation and goodwill. Cognituv's use of Light Progress's Mark constitutes willful, deliberate and intentional trademark infringement.

44.     Cognituv has engaged and continues to engage in its infringing activity despite having notice of Light Progress's federal registration rights under 15 U.S.C. § 1072 and, despite having actual knowledge of Light Progress's ownership and use of the Light Progress Mark.

45.     Cognituv's actions are likely to mislead the public into concluding that its goods originate with or are authorized by Light Progress, which will damage both Light Progress and the public.  Light Progress has therefore lost control over its valuable goodwill and reputation associated with its famous and distinctive Marks.

46.     Light Progress has requested in writing that Cognituv cease and desist from its infringing actions, but Cognituv has failed and refused to comply with these requests. Light Progress's letters to Cognituv are attached as Exhibits E and G.

47.     Cognituv's unauthorized use of Light Progress's Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

48.     As a direct and proximate result of Cognituv's trademark infringement, Light Progress has suffered and will continue to suffer loss of income, profits and goodwill and Cognituv

has and will continue to unfairly acquire income, profits and goodwill.

49.     Cognituv's acts of infringement will cause further irreparable injury to Light Progress if Cognituv is not restrained by this Court from further violation of Light Progress's rights. Light Progress has no adequate remedy at law.

**COUNT II**
**UNFAIR COMPETITION UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

50.     Light Progress realleges and incorporates by reference the allegations above as though fully set forth.

51.     Products offered by Cognituv differed in the construction and performance from the actual units delivered by Cognituv to their customers.

52.     Despite promoting and offering for sale the following products on their website, the units actually delivered by Cognituv were not those as pictured.

53.     On information and belief, the images used in Cognituv's promotion and advertising are actually Light Progress's products, and Cognituv has simply edited the photos to remove the Light Progress trademark and/or covered any existing mark with Cognituv stickers, including as shown below:

a.



b.



c.



d.



e.

54.    On information and belief, the units delivered by Cognituv are inferior to the units depicted.  When used, the performance of the delivered products is inferior to the performance of the depicted units.

55.    At no time did Cognituv ever inform their customers, potential customers, or the relevant market for the purposes of delivery that they were replacing the units pictured with inferior imitation units.

56.    At no time did Cognituv ever conduct tests, experiments, or analysis to verify that the operating characteristics of the units actually delivered were equivalent to the operating characteristics of the Light Progress units pictured in its promotional materials.

57.    Cognituv's substitution of inferior units for the Light Progress units depicted harmed Light Progress and the goodwill and reputation of the products it offers.

58.    The acts of Cognituv constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Cognituv's promotion which depicts Light Progress's products as those of Cognituv constitute a false and/or misleading description and representation of fact.

59.    Cognituv's promotional materials and website which depicts Light Progress's products as those of Cognituv constitute a false and/or misleading description and representation of fact because during the relevant time period, Cognituv did not deliver, and had no intention of delivering, any such depicted units.

60.    Cognituv's false and misleading descriptions and representations of fact misrepresented the nature, characteristics, and quality of the units actually delivered to customers.

61.    These literally false and misleading descriptions of fact actually deceived or tended to deceive a substantial number of reasonable consumers and Cognituv's claims were material to

consumer's purchasing decisions.  In addition, these false and misleading descriptions of fact continue to actually deceive or tend to deceive a substantial number of reasonable consumers and continue to be material to their purchasing decisions.

62.    On information and belief, Cogintuv's acts described herein were intended to cause and did in fact cause deception of the public, misleading prospective purchases as to the true characteristics and qualities of Cognituv and Light Progress's products.

63.    As a proximate result of Cognituv's acts described above, Light Progress has suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation, and goodwill.  Light Progress will continue to sustain serious loss of revenue, profits, and market share unless Cognituv's conduct is restrained and enjoined by the Court.

64.    Cognituv's false and misleading descriptions and representations of fact have caused, and continue to cause, damage to Light Progress, and Light Progress is entitled to recover damages.

65.    Cognituv's false and misleading descriptions and representations of fact have caused, and will continue to cause, damage to Light Progress's business, causing irreparable harm for which there is no adequate remedy at law. As such, Light Progress is entitled to injunctive relief. As a direct and proximate result of Cognituv's above-described conduct, Cognituv has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

66.    Cognituv's actions were taken in willful, deliberate, and/or intentional disregard as to the true nature of the products that they were offering and the inferior performance of the units delivered as compared to the Light Progress units depicted. Light Progress is entitled to recover Cognituv's profits, attorneys' fees, enhanced damages and the costs of this litigation pursuant to

15 U.S.C. § 1117.

## COUNT III
## FEDERAL CYBERSQUATTING
## ((15 U.S.C. § 1125(d))

67.     Light Progress realleges and incorporates by reference the allegations above as though fully set forth herein.

68.     Light Progress owns the registered domain name www.lightprogress.com. See Exhibit C (proof of registration of domain name).

69.     The domain name is identical to or confusingly similar to Light Progress's Mark.

70.     Cognituv has used and continues to use Light Progress's domain name without authorization and with a bad faith intent to profit from Light Progress's Mark.

71.      As a result, Light Progress's customers are being unwittingly led to believe that Light Progress has authorized sale of the products advertised on the website, thereby harming Light Progress's business and goodwill.

72.     Cognituv's acts of cybersquatting will cause further irreparable injury to Light Progress if Cognituv is not restrained by this Court from further violation of Light Progress's rights. Light Progress has no adequate remedy at law.

## COUNT IV
## CONVERSION OF DOMAIN NAME

73.     Light Progress realleges and incorporates by reference the allegations above as though fully set forth herein.

74.     Light Progress asserts a cause of action for common law conversion under Texas law.

75.     Light Progress owns or is entitled to possession of its registered domain name, www.lightprogress.com, as well as the domain name's assets, including the content of the website

at that address.

76.     Cognituv unlawfully and without authorization continues to exercise control over Light Progress's domain name and assets to the exclusion of, or inconsistent with, Light Progress's rights as owner of same.

77.     Light Progress demanded that Cognituv return its domain name and assets. See Exhibits E and G (Termination Letter, CCRT Letter).

78.     Cognituv refused to return the property. *See* Exhibit F (Cognituv's Sept. 20 letter)

79.     Cognituv's conversion of Light Progress's domain name and assets proximately caused Light Progress injury.

80.     Light Progress therefore seeks an order requiring Cognituv to transfer Light Progress's domain name and assets back to Light Progress.

<u>**COUNT V**</u>
<u>**CONVERSION OF COMPLIANCE CERTIFICATES**</u>

81.     Light Progress realleges and incorporates by reference the allegations above as though fully set forth herein.

82.     Light Progress asserts a cause of action for common law conversion under Texas law.

83.     Light Progress owns or is entitled to possession of the ETL (Electrical Testing Laboratories) certificates that provide evidence to the consuming public that Light Progress's Products comply with accepted and recognized product safety standards in North America.

84.     Cognituv unlawfully and without authorization continues to exercise control over Light Progress's Product's ETL certificates to the exclusion of, or inconsistent with, Light Progress's rights as owner of same.

85.     Light Progress demanded that Cognituv transfer the ETL certificates to Light

Progress. See Exhibits E and G (Termination Letter, CCRT Letter).

86.    Cognituv refused to return the property. See Exhibit F (Cognituv's Sept. 20 letter).

87.    Indeed, on January 19, 2023, the Electrical Testing Laboratories ("ETL") certificates were updated to incorrectly reflect Cognituv as the manufacturer of Light Progress products, as evidenced in the following examples in the ETL construction data report:

a.



**Listing Constructional Data Report (CDR)**

| 1.0 Reference and Address | | | |
|---|---|---|---|
| Report Number | 104614869DAL-001 | Original Issued: 23-Sep-2021 | Revised: 19-Jan-2023 |
| Standard(s) | Electric Fans [UL 507:2017 Ed.10+R:27May2020]<br><br>Household and Similar Electrical Appliances - Safety - Part 2-65: Particular Requirements for Air-Cleaning Appliances (R2021) [CSA E60335-2-65:2011 Ed.2] | | |
| Applicant | Cognituv LLC | Manufacturer | Cognituv LLC |
| Address | 5004 Bee Creek Road Suite 320, Spicewood, TX 78669 | Address | 5004 Bee Creek Road Suite 320, Spicewood, TX 78669 |
| Country | USA | Country | USA |
| Contact | Tom Donkers<br>Dr. Carl Peterson | Contact | Tom Donkers<br>Dr. Carl Peterson |
| Phone | 202-557-9923<br>1-330-853-7277 | Phone | 202-557-9923<br>1-330-853-7277 |
| FAX | N/A | FAX | N/A |
| Email | tom@cognituv.com<br>carl@cognituv.com | Email | tom@cognituv.com<br>carl@cognituv.com |

b.

Report No. 104614869DAL-001                    Page 2 of 28                    Issued: 23-Sep-2021
Cognituv LLC                                                                    Revised: 19-Jan-2023

| 2.0 Product Description | |
|---|---|
| Product | UV-C Air Purifier |
| Brand name | Light Progress |
| Description | The product covered by this report is a household cord connected UV-C air purifier for indoor use. It employs a supply inlet and power cord and is intended to be pendent, stand or wall mounted. |
| Models | UV-FAN-XS 60HP-US, UV-FAN-M2/95HP-US, UV-FAN M2/95HP-ST-US. |
| Model Similarity | Models UV-FAN-M2/95HP-US and UV-FAN M2/95HP-ST-US are identcial inconstruction except for model UV-FAN M2/95HP-ST-US is fitted with a stand with wheels for ease of mobility. |
| Ratings | UV-FAN-XS 60HP-US: 110-277V, 50/60Hz, 60W.<br><br>UV-FAN-M2/95HP-US: 110V, 50/60Hz, 220W. |
| Other Ratings | NA |

88.     Cognituv's conversion of Light Progress's ETL certificates proximately caused Light Progress injury.

89.     Light Progress therefore requests that the Court order Cognituv to transfer the ETL certificates to Light Progress.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff Light Progress S.r.L. respectfully requests that this Court enter an Order granting it the following relief:

a.     Preliminary and permanent injunctive relief enjoining and restraining Cognituv and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using Light Progress's trademark with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, including Light Progress's domain name, www.lightprogress.com, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Cognituv's products; and

b.     Final judgment in favor of Light Progress, that in addition to the permanent injunctive relief described above:

    i.     includes a finding that Cognituv's unlawful actions were willful, malicious and intentional;

    ii.     directs     Cognituv     to     transfer     the     domain     name www.lightprogress.com back to Light Progress;

    iii.     directs Cognituv to transfer to Light Progress the Electrical Testing Laboratories (ELT) certifications for Light Progress's Products that

Cognituv applied for on behalf of Light Progress;

iv.    directs Cognituv to return to Light Progress any of Light Progress's

Products that Cognituv still retains;

v.    awards Light Progress its reasonable attorneys' fees and costs

pursuant to 15 U.S.C. § 1117, because of the exceptional nature of

this case; and

vi.    grants Light Progress such other and further relief as the Court may

deem just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: May 12, 2023

By: */s/ Kevin E. Cadwell*_____
Kevin E. Cadwell, *Lead Attorney*
kcadwell@ccrtlaw.com
Texas Bar No. 24036304
Michael F. Reeder II
mreeder@ccrtlaw.com
Texas Bar No. 24070481
Lisa M. Thomas
lthomas@ccrtlaw.com
Texas Bar No. 24079455

**CADWELL CLONTS REEDER & THOMAS
LLP**
5373 W. Alabama St., Suite 457
Houston, Texas 77056
Phone:  (713) 360-1560
Fax:      (940) 233-8587

**ATTORNEYS FOR PLAINTIFF LIGHT
PROGRESS SRL**